**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BETSY PELPHREY                                    CIVIL ACTION NO:   1:08cv276

    Plaintiff,                                          JUDGE MICHAEL R. BARRETT

vs.

COCA-COLA ENTERPRISES, INC.

    Defendant.

## ORDER

This matter is before the Court pursuant to Defendant's motion dismiss this matter (Doc. 4) pursuant to Rule 12(b)(6).  Plaintiff filed a memorandum in opposition (Doc. 9) to which Defendant's replied (Doc. 10).  This matter is now ripe for review.  For the reasons that follow, Defendant's motion to dismiss is DENIED.

    I.    Background

This matter was initially filed in the Court of Common Pleas in Scioto County, Ohio on March 19, 2008.  Defendant removed the matter to this Court on April 21, 2008 (Doc. 1).  The Complaint (Doc. 2) alleges that on July 23, 1998 Plaintiff obtained an interest in the pension plain of Robert W. Pelphrey.  Said pension plan was held by Defendant  (Doc. 2, ¶3).  Plaintiff alleges to have promptly notified Defendant of her interest in the plan, including providing a copy of the Qualified Domestic Relations Order (QDRO).[1]   Id.

Plaintiff alleges that the Defendant has failed and refused to pay Plaintiff the amount to which she is entitled, $48,964.85 (Doc. 2, ¶ 4-5).  She further alleges that Defendant

---

[1] The QDRO was attached to the Complaint but is docket at Doc. 1-2, pp5-9 on the docket sheet in this matter.

negligently and/or intentionally disbursed to Robert Pelphrey, without her authorization, the entire balance of the pension plan on or about May 2002 (Id., ¶¶6-9).

    II.    Standard of Review

A motion to dismiss pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint.  The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998).  A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations.  *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974).  A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory.  *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted).  As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.  *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

    III.    Legal Analysis

The Court will first address Plaintiff's argument that the Defendant's motion to dismiss should be treated as one for summary judgment since Defendant attached exhibits to its motion. The Court finds this argument to be without merit. If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Thus, the Summary Plan Description as it relates to the pension plan is central to the claim and is acceptable for this Court's consideration. Additionally, the affidavit of Roger Weitkamp, except as to paragraph $4^2$, (Doc. 4, p9) and the letters attached to Plaintiff's response (Doc. 10, Exhibit A-C) will be considered for purposes of this motion to dismiss without the necessity of converting the motion to one for summary judgment since the extrinsic materials merely "fill in the contours and details" of the complaint and add nothing new. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir.1997).

As to the merits of Defendant's motion to dismiss, Defendant alleges that Plaintiff has failed to exhaust her administrative remedies under ERISA. Plaintiff, however, states in her complaint, that she notified the Defendant of her interest in 1998. Plaintiff argues that this notification constituted her presentation of a claim.

Although it is unclear from the complaint whether or not Defendant responded to the notification in 1998 or why ten years have elapsed, the complaint clearly alleges that such a notification was made.

---

[2]Paragraph 4 of Roger Weitkamp's affidavit will not be considered by this Court for purposes of this motion to dismiss because it does more than fill in the contours and details of the complaint.

IV.     Conclusion

Since at this stage in this litigation, the Court must take the allegations in the complaint as true and construe the complaint in the light most favorable to the Plaintiff, the Court finds Defendants' motion to dismiss to be without merit and is hereby DENIED.

**IT IS SO ORDERED**.

>                   */s/ Michael R. Barrett*
>                   Michael R. Barrett, Judge
>                   United States Court